**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6822

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR RUBEN MCGURK, a/k/a Ruben, a/k/a El Mechanico,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Senior District Judge. (3:02-cr-00190-FDW-1)

Submitted: January 27, 2025                           Decided: January 30, 2025

Before AGEE, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jayashree Mitra, CARLTON FIELDS, P.A., New York, New York, for Appellant. Dena J. King, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Ruben McGurk appeals the district court's order denying relief on his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. "Pursuant to 18 U.S.C. § 3582, a court generally may not modify a sentence 'once it has been imposed.'" *United States v. Melvin*, 105 F.4th 620, 623 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)). "But a district court may reduce a sentence through a motion for compassionate release." *United States v. Bond*, 56 F.4th 381, 383 (4th Cir.), *cert. denied*, 143 S. Ct. 2596 (2023).

We review the denial of compassionate release under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (internal quotation marks omitted). "Under this standard, this Court may not substitute its judgment for that of the district court." *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022) (internal quotation marks omitted).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.* "The factors applicable to the determination of what circumstances can constitute an extraordinary and compelling reason for release from prison are complex and not easily summarized." *United States v.*

2

*Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022). The court should "balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other." *Id.* "[T]he inquiry is multifaceted and must take into account the totality of the relevant circumstances." *Id.* at 198.

As noted, "if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). "Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). "District courts enjoy broad discretion in evaluating the § 3553(a) factors when deciding a motion for compassionate release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (internal quotation marks omitted). "A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence."

On appeal, McGurk challenges the district court's conclusions that he failed to demonstrate extraordinary and compelling reasons for his release and that the § 3553(a) factors did not support his release. We find no abuse of discretion. The district court addressed all of McGurk's arguments that extraordinary and compelling reasons existed for his release and specifically explained why each failed to meet the standard. Moreover, the court did not commit any legal error in weighing the relevant § 3553(a) factors and did not abuse its discretion in concluding that they did not weigh in favor of McGurk's release.

3

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*